UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALLAH,

    Petitioner,

v.

KAREN BRUNSON,

    Respondent.

CASE NO. C05-1480-MJP

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a Washington prisoner who is currently incarcerated at the Clallam Bay Corrections Center in Clallam Bay, Washington. He seeks relief under 28 U.S.C. § 2254 from two 2002 King County Superior Court convictions. Respondent has filed an answer to the petition together with relevant portions of the state court record. Petitioner has filed a motion for summary judgment. The Court, having reviewed petitioner's petition, respondent's answer, petitioner's motion for summary judgment[1], and the balance of the record, concludes that

---

[1] The Court construes petitioner's motion for summary judgment (Dkt. No. 55) as a response to respondent's answer and, thus, the motion is STRICKEN from the Court's calendar.

REPORT AND RECOMMENDATION
PAGE -1

petitioner's federal habeas petition should be denied, and this action should be dismissed with prejudice.

## BACKGROUND

On February 13, 2002, petitioner was convicted of one count of possession of cocaine following a bench trial in King County Superior Court Cause No. 01-1-10807-3. (*See* Dkt. No. 52, Ex. 1 at 1.) On the same date, petitioner was convicted of one count of possession with intent to manufacture or deliver cocaine and one count of unlawful possession of a firearm following a bench trial in King County Superior Court Cause No. 01-1-09176-6. (*See id.*, Ex. 2 at 1.) Petitioner was sentenced to a term of 126 months confinement in Cause No. 01-1-10807-3 and to a term of 162 months confinement in Cause No. 01-1-09176-6. (*See id.*, Ex. 1 at 4 and Ex. 2 at 4.) The trial court ordered that the two sentences run concurrently.[2] (*Id.*)

On March 7, 2002, petitioner filed, *pro se*, a timely notice of appeal in the King County Superior Court. (*Id.*, Ex. 4.) On August 1, 2002, the Washington Court of Appeals appointed counsel to represent petitioner on appeal. (*Id.*, Ex. 5.) Petitioner apparently objected to the appointment of counsel. (*See id.*, Ex. 6.) He also argued to the Court of Appeals that his appeal was premature because he had not exhausted his post-trial motions which were then pending in the trial court. (*Id.*) The Court of Appeals stayed petitioner's appeal pending resolution of the post-trial motions, rescinded the appointment of counsel, and ordered any retained counsel to file

---

[2] On May 16, 2002, petitioner was convicted of intimidating a witness following a bench trial in King County Superior Court Cause No. 02-1-02047-6. (*See* Dkt. No. 52, Ex. 3 at 1.) Petitioner was sentenced to a term of 95 months confinement in that case and the trial court ordered that that term be served consecutively to the sentences imposed in Cause Nos. 01-1-10807-3 and 01-1-09176-6. (*Id.*, Ex. 3 at 4.) That conviction is not at issue in these proceedings.

REPORT AND RECOMMENDATION
PAGE -2

01 a notice of appearance. (*Id.*)

02 On August 21, 2002, the trial court denied petitioner's post-trial motions. (*Id.*, Exs. 7 and 8.) Petitioner appealed the denial of his post-trial motions to the Washington Court of Appeals. (*Id.*, Ex. 9.) The stay of petitioner's original appeal was subsequently lifted and the Court of Appeals indicated that petitioner's appeal of the order denying his post-trial motions would be heard together with petitioner's original appeal. (Dkt. No. 52, Ex. 9.) On October 10, 2002, the Court of Appeals Commissioner issued a ruling consolidating the appeals. (*Id.*, Ex. 10.)

Petitioner elected to represent himself on appeal. (*See id.*, Ex. 11.) However, he failed to file the verbatim reports of proceedings necessary for his appeal. (*Id.*) On October 18, 2002, petitioner was notified that if the verbatim reports of proceedings were not filed by November 18, 2002, or if petitioner failed to show good cause by that date why they had not been filed, the appeal would be dismissed. (*Id.*) Petitioner failed to timely file the reports of proceedings, or to show cause why they had not been filed and, thus, on April 16, 2003, the Court of Appeals dismissed the appeal. (*Id.*, Ex. 12.) On May 23, 2003, the Court of Appeals issued a mandate terminating direct review. (*Id.*, Ex. 13.)

Petitioner thereafter filed a series of personal restraint petitions in the Washington Court of Appeals. (*See id.*, Ex. 14.) It appears that petitioner filed a total of five personal restraint petitions challenging his convictions in Cause No. 01-1-09176-6, and two personal restraint petitions challenging his conviction in Cause No. 01-1-10807-3. (*See id.*) Each of the seven petitions was dismissed by the Court of Appeals as successive under RCW 10.73.140. (*See id.*, Ex. 15.) Petitioner did not seek review of any of the orders dismissing the relevant personal restraint petitions by the Washington Supreme Court. (*See id.*)

REPORT AND RECOMMENDATION
PAGE -3

On May 17, 2007, petitioner filed a petition for writ of habeas corpus in the Washington Supreme Court. (*Id.*, Ex. 22.) Petitioner presented the following questions to the Supreme Court for consideration:

(1) Is Allah a real party of interest in the State of Washington v. Edwin Coston?

(2) Is a search warrant signed by a de facto judge with no supporting affidavit valid?

(3) Is a trial that has been presided over by a de facto judge, using a fictitious defendant, with no probable cause, lack jurisdiction? And with no contract?

(4) Is two trials presided over by a de facto judge, with no consent, using a fictitious defendant, no probable cause, and force to place fingerprints on a judgment and sentence for a fictitious defendant, lack jurisdiction?

(5) Does the Department of Corrections have authority to use falsified records with no dockets or warrant of commitments signed by a de facto judge who has violated state and federal laws and constitutions to hold Allah?

(Dkt. No. 52, Ex. 22 at i.)

The Supreme Court construed petitioner's petition for writ of habeas corpus as a personal restraint petition and set a briefing schedule. (*Id.*, Ex. 23.) Shortly after filing his petition, petitioner filed a motion and order for release seeking entry of default against his sentencing judge and against the superintendent of the facility where he was incarcerated. (*Id.*, Ex. 24.) Both the Washington Department of Corrections and the state filed responses to petitioner's personal restraint petition. (*Id.*, Exs. 26 and 27.) Petitioner thereafter filed a motion for summary judgment which the Supreme Court treated as a supplemental argument in support of petitioner's personal restraint petition. (*Id.*, Exs. 28 and 29.)

On September 27, 2007, the Supreme Court Commissioner issued a ruling dismissing petitioner's personal restraint petition. (*Id.*, Ex. 29.) The Commissioner implied in his ruling that

all of petitioner's issues, with the exception of petitioner's contention that the trial court lacked jurisdiction, were time barred. (*Id.*, Ex. 29 at 2.) However, the Commissioner also concluded that the petition failed as to all issues presented because petitioner failed to support his claims with any competent evidence. (*Id.*) As to petitioner's claim regarding the authority of the Department of Corrections to hold him, the Commissioner noted that petitioner had previously changed his name from Edwin Coston to Allah, that the department's records accurately reflected this fact, and that nothing in the record showed any defect in the department's authority to incarcerate petitioner. (*Id.*)

Petitioner subsequently filed a motion to modify the Commissioner's ruling. (Dkt. No. 52, Ex. 30.) On December 4, 2007, the Chief Justice of the Supreme Court issued an Order denying petitioner's motion to modify and denying his motion to be released from custody. (*Id.*, Ex. 31.) The Supreme Court issued a certificate of finality in petitioner's personal restraint proceedings on December 11, 2007. (*Id.*, Ex. 32.)

Petitioner now seeks federal habeas review of his state court convictions under King County Superior Court Cause Nos. 01-1-10807-3 and 01-1-09176-6.

## GROUNDS FOR RELIEF

Petitioner identifies the following four grounds for relief in his federal habeas petition:

**GROUND ONE**: State violated U.S. Constitution at 1st, 4th, 5th, 6th, 8th, and 14th Amend. when it failed to assent thereby before Prosecution of Allah.

Supporting facts:

Initial contact of State, through its police, was without warrant or charge and went beyond well established exception to warrant. Furthermore, all subsequent prosecutions occurred without Petitioner receiving the benefit of Equal Protection of Law where State violates prohibitions and restrictions imposed by the above

REPORT AND RECOMMENDATION
PAGE -5

Constitution and Amendments.

**GROUND TWO**: State violated Petitioner's rights under U.S. v. Olmstead (citation omitted) & Gomillion v. Lightfoot (citation omitted).

Supporting facts:

The Police entered Petitioners [sic] home without a Warrant, seized Petitioner without a Warrant, held Petitioner in the King County Jail without a Warrant and without being registered as being there, and held two sham trials without Probable Cause or Charges, in violation of the Constitution and laws of the United States for America, and the holdings in Olmstead & Gomillion.

**GROUND THREE**: Respondent's [sic] are violating the Washington State Constitution and Statutes - W.A.C. 381-30-090 Documents required.

Supporting facts:

The Respondent's [sic] have held Petitioner without an Original Judgment & Sentence, and without Warrant of Commitments, the Respondent's Record's [sic] have no trial dockets that shows the name of the Case, Respondent's [sic] have refused to allow Petitioner to see Warrant of Commitment's [sic] that name Allah, or Trial dockets that name Allah.

**GROUND FOUR** : Respondent's [sic] knowingly violated Washington's Constitution and RCW 70.48.100, thereby violating the due process clauses of both Constitutions, while also violating the Equal Protection clauses of the 14th Amendment.

Supporting facts:

Petitioner was held in the King County Jail in violation of the 4th/5th Amend., without Warrant and in violation of RCW 70.48.100 Jail Register open to public, when Petitioner was held without being registered, in a fictitious name.

(*See* Dkt. No. 22 at 5, 6, 8, and 10.)

## DISCUSSION

Respondent states in her answer to the petition that petitioner arguably presented his four federal habeas claims to the Washington Supreme Court. She argues, however, that with one

exception, petitioner's claims were expressly procedurally barred in state court and therefore are not cognizable in this federal habeas action. The lone exception, according to respondent, is petitioner's claim that the trial court lacked jurisdiction based on its use of his former name. And, as to that claim, respondent argues that petitioner has not presented a cognizable ground for relief because the claim does not implicate federal constitutional concerns.

This Court is not satisfied that petitioner did, in fact, present each of his federal habeas claims to the Washington Supreme Court in his personal restraint petition, nor is it convinced that the claims which were presented were expressly procedurally barred by the Washington Supreme Court. However, because petitioner has not identified any constitutional infirmity in his convictions which entitles him to relief in this federal habeas proceeding, this Court will bypass respondent's procedural bar argument.

## Ground One

Petitioner asserts in his first ground for relief that the first contact made with him by police was made without a warrant and exceeded any warrant exception. It is unclear whether petitioner is complaining about an unlawful search, an unlawful seizure, or both. Regardless, any such claim implicates petitioner's rights under the Fourth Amendment. In *Stone v. Powell*, 428 U.S. 465 (1976), the United States Supreme Court held that federal habeas review of a Fourth Amendment claim is barred unless petitioner can show that he was "denied an opportunity for a full and fair litigation of that claim at trial and on direct review." *Id*. at 495 n. 37. The Court reasoned that because Fourth Amendment claims turn on police misconduct and not on actual guilt or innocence, they have "no bearing on the basic justice of [one's] incarceration." *Id*. at 491-92 n.31. Nothing in the record suggests that petitioner was denied the opportunity to litigate his Fourth Amendment

claims in the state courts. Accordingly, petitioner's Fourth Amendment claims are not cognizable in this federal habeas proceeding.

Petitioner also asserts in his first ground for relief that he was denied equal protection of the law in the prosecutions which followed his first contact with police. However, petitioner offers no facts whatever to support his equal protection claim and the Court cannot discern from the manner in which this claim is presented how petitioner's rights under the Equal Protection Clause might be implicated here. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (1994). Because petitioner has not provided sufficient facts to support an equal protection claim, he has failed to state a cognizable ground for relief.

## Ground Two

Petitioner asserts in his second ground for relief that the police entered his home without a warrant, seized him without a warrant, held him in the King County Jail without a warrant and without being registered there, and held two "sham" trials without probable cause or charges. Most of these claims once again implicate Fourth Amendment concerns. As explained above, such claims are not cognizable in this federal habeas proceeding.

Petitioner's apparent claim that he was unlawfully prosecuted is not supported by any statement of facts and, thus, does not warrant habeas relief as presented. *See James*, 24 F.3d at 26. *See James*, 24 F.3d at 26. Assuming that petitioner intends to claim, as he has in other documents on file in this action, that his prosecution was unlawful because he was charged, tried, and convicted under the name Edwin R. Coston and not the name Allah, he still has not stated a claim which would entitle him to relief on federal habeas review. Petitioner presented evidence

REPORT AND RECOMMENDATION
PAGE -8

to the state courts that he legally changed his name from Edwin R. Coston to Divine Answer Born Supreme Allah in 1995, and that he legally changed his name again in 1999 from Divine Answer Born Supreme Allah to Allah. (*See* Dkt. No. 52, Ex. 22, appendix A.) As petitioner's own evidence makes clear that Edwin R. Coston and Allah are the same individual, petitioner's contention that his convictions were unlawful because some of the trial court's documents bore only his former name is meritless. Petitioner cites to no federal law which would warrant a different conclusion.

Petitioner does make reference in his second ground for relief to two United States Supreme Court cases which he appears to believe support his claims that he was unlawfully arrested, detained and prosecuted: *United States v. Olmstead*, 277 U.S. 438 (1928) and *Gomillion v. Lightfoot*, 364 U.S. 339 (1960). However, neither case entitles petitioner to any relief here. *Olmstead* was a wiretap case in which the Court found that the interception of the defendant's telephone line was not proscribed by the Fourth Amendment because it was accomplished without entry onto his premises. As discussed above, petitioner's Fourth Amendment claims are not cognizable in this proceeding. *Gomillion* involved a challenge on equal protection grounds to a statute which redefined the boundaries of the City of Tuskegee, Alabama. Plaintiff has alleged no facts in support of any intended equal protection claim nor has he offered any explanation as to how *Gomillion* might otherwise be relevant to this case.

### Ground Three

Petitioner asserts in his third ground for relief that his rights under the Washington State Constitution and Washington Statutes, specifically, Chapter 381-30-090 of the Washington Administrative Code, have been violated. Petitioner does not allege any violation of his federal

REPORT AND RECOMMENDATION
PAGE -9

constitutional rights. A writ of habeas corpus may issue only upon a finding that a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal habeas relief does not lie for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)(citing *Pulley v. Harris*, 465 U.S. 37, 41 (1983)). Because petitioner's third ground for relief is based solely on state law, the claim is not cognizable in this federal habeas proceeding.

## Ground Four

Petitioner asserts in his fourth ground for relief that his rights under the Washington Constitution and under RCW 70.48.100 were violated when he was held in the King County Jail under a fictitious name. Petitioner contends that the knowing violation of his rights under state law amounts to a violation of the Due Process and Equal Protection Clauses of the United States Constitution. Though petitioner does not spell it out in this claim, it appears that he was booked into the King County Jail under the name Edwin R. Coston. It is not clear whether the name Allah was also reflected on the jail records. As explained above, the record before this court clearly demonstrates that Edwin Coston and Allah are the same individual. Moreover, the name under which petitioner was detained at the King County Jail in no way undermines the validity of his conviction or his current confinement.

## CONCLUSION

Based upon the foregoing, this Court recommends that petitioner's federal habeas petition be denied and that this action be dismissed with prejudice. A proposed order accompanies this

/ / /

/ / /

01  Report and Recommendation.

02      DATED this 30th day of January, 2009.

                                    _____
                                    Mary Alice Theiler
                                    United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -11